| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

----------------------------------------------------------X

NANCY CRUZ,

                       Plaintiff,         **MEMORANDUM & ORDER**

  -against-                                      14-CV-2728 (RER)

TARGET CORPORATION,

                       Defendant.

----------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

        Defendant's motion for summary judgment is denied. Although plaintiff has failed to come forth with sufficient evidence to create a genuine dispute of fact as to whether defendant created or had actual notice of the dangerous condition, there exists a genuine dispute of material fact with respect to constructive notice.[1]

        Some court have recognized that "constructive notice is irrelevant where defendant had a duty to conduct reasonable inspections of the premises and failed to do so." *Tuthill v. United States*, 270 F. Supp. 2d 395, 400–01 (S.D.N.Y. 2003) (denying summary judgment where defendant had duty to inspect, and a genuine issue of fact existed as to whether defendant's inspections were reasonable) (citing *Meyer v. State of N.Y.*, 92 Misc.2d 996, 403 N.Y.S.2d 420, 424 (N.Y.Ct.Cl.1978)); *see also Weller v. Coll. of the Senecas*, 217 A.D.2d 280, 285, 635 N.Y.S.2d 990 (4th Dep't 1995) ("constructive notice is irrelevant" where defendant had a duty to conduct reasonable inspections); *Watson v. City of N.Y.*, 184 A.D.2d 690, 690, 585 N.Y.S.2d 100 (2d Dep't 1992) (same). Other courts instead indicate that a property owner owing a duty to

---

[1] The Court assumes the reader's familiarity with the facts and the parties' respective arguments. Oral argument is not necessary.

inspect is charged with constructive notice of a dangerous condition that would have been discovered by a reasonable inspection. See *Lacey v. Target Corp.*, No. 13 CV 4098 (RML), 2015 WL 2254968, at *5–6, 2015 U.S. Dist. LEXIS 62643, at *13–14 (E.D.N.Y. May 13, 2015); *Silverman v. United States*, No. CV 04–5647(ETB), 2008 WL 1827920, at *17, 2008 U.S. Dist. LEXIS 25041, at *51 (E.D.N.Y. Mar. 28, 2008). In other words, constructive notice is still relevant, and the failure conduct reasonable inspections is a means by which to establish constructive notice. Under either articulation of the principle, the Court determines that there is a genuine dispute of material fact as to whether Defendant failed to reasonably inspect its property.

"New York common law obligates a landlord or owner 'to use a reasonable care to inspect and repair common areas. . .'" *Williams v. Matrix Fin. Servs. Corp.*, 158 F. App'x 301, 303 (2d Cir. 2005) (quoting *Wynn ex rel. Wynn v. T.R.I.P. Redevelopment Assocs.*, 296 A.D.2d 176, 745 N.Y.S.2d 97 (3d Dep't 2002)); *see also Torres v. United States*, No. 09 CV 5092, 2010 WL 5422547, at *3 (S.D.N.Y. Dec. 23, 2010) (property owners have duty to use reasonable care to inspect and repair common areas.). Thus, there is no question that Defendant had a duty to inspect its premises.

Ordinarily, the adequacy of a property owner's inspections of common areas is usually a determination reserved for the jury. *Wynn ex rel. Wynn v. T.R.I.P. Redevelopment Assocs.*, 296 A.D.2d 176, 745 N.Y.S.2d 97, 102 (3d Dep't 2002)**;** *see also Nallan v. Helmsley–Spear, Inc.*, 50 N.Y.2d 507, 520 n. 8, 429 N.Y.S.2d 606, 407 N.E.2d 451, 458 n. 8 (N.Y. 1980) ("What safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury.").

Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could conclude that the Defendant's inspections were unreasonable, and therefore, it had constructive notice of a dangerous condition. According to Defendant's employee, who has no independent recollection of the events at issue, every 10 to 15 minutes she would walk "around the perimeter" of the store, "the back of the racetrack", and then "the inner and "the outer," looking down the approximately 100 aisles to see if there were "any issues," which she would then address. This vague description is wholly unhelpful in determining whether the inspection is reasonable. While a defendant is not expected to continually patrol its premises "24 hours a day," under the circumstances of this case it is far from clear that Defendant's periodic inspections of its premises were reasonably designed to uncover spills in aisle 27. According to Plaintiff, the store's aisles are 84 feet long, and have highly reflective floors and bright overhead lighting. Whether an employee merely walking the "perimeter" of a store could reasonably detect a spill of clear liquid from a distance remains to be seen.[2] It is also unclear how much time it would take to walk down aisle 27, the chemical aisle, which is relevant to the reasonableness of the inspection. Considering all the evidence, a jury could reasonably conclude that the inspection as described is inadequate, even without the benefit of expert opinion testimony. The rulings of other courts that Defendant's inspections are reasonable as a matter of law are not controlling, and in any event are rejected.

Finally, I reject Defendant's argument that summary judgment must be granted even if it did not conduct a reasonable inspection because Plaintiff still cannot establish for how long the

---

[2] Of course, the distance from the inspection pathway to the spill in question is unknown, or at least has not been presented to the Court.

spill had been present before her accident.  Defendant's Reply Memorandum of Law at 9.  That is not the law in New York.  If it were, landowners would be completely relieved of their duty to inspect their property.  Any cases which stand for the proposition Defendant so advocates were wrongly decided and are explicitly rejected.

 Accordingly, Defendant's motion for summary judgment is denied.

* * *

 The parties are directed to meet and confer and submit a proposed schedule for any further discovery, including expert discovery, no later than June 10, 2016.

**Dated: June 2, 2016**
  **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**